```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED MAY 0 1 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREAT AMERICAN INSURANCE COMPANY OF :
NEW YORK, INC.,                                                  :
                                                                :
                                        Plaintiff,              :            11 Civ. 6879 (KBF)
                                                                :
                                                                :            MEMORANDUM
                        -v-                                     :            OPINION AND ORDER
                                                                :
USF HOLLAND, INC.,                                              :
                                        Defendant.              :
                                                                :
------------------------------------------------------------------X

KATHERINE B. FORREST, United States District Judge:

        Defendant USF Holland, Inc. seeks reconsideration of the Court's

Memorandum Decision and Order of March 27, 2013.  That Decision granted in part

and denied in part cross-motions for summary judgment brought by defendant and

plaintiff Great American Insurance Company of New York, Inc. ("Great American")

relating to an interstate shipment of vaccines that froze while in the defendant's

care. It also granted plaintiff's motion to exclude the proposed expert testimony of

Wesley Chused, Esq.  For purposes of this opinion, the Court assumes general

familiarity with the underlying facts of the case. A full factual summary can be

found in the March 27, 2013 Decision. (ECF No. 69.)

        In its March 27, 2013, Decision, the Court granted summary judgment to

plaintiff as to defendant's liability under the Carmack Amendment, 49 U.S.C. §

14706, but found that a liability limitation contained in the pricing agreement

1

negotiated between the parties capped damages at $100,000. The Court also granted plaintiff's motion in limine to exclude the Chused testimony.

Defendant seeks reconsideration pursuant to Local Civil Rule 6.3, and Fed. RR. Civ. P. 52, 59(e), and 60(b).  For the reasons set forth below, defendant's motion for reconsideration is DENIED.

Standard of Review

As an initial matter, the Court will not consider defendant's request for relief pursuant to Fed. R. Civ. P. 60 as defendant fails to make any argument that could support relief under that rule.[1]

As to the remaining grounds for defendant's request for relief—Local Rule 6.3, and Fed. RR. Civ. P. 59(e) and 52(b)—the applicable standards of review are identical.  R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)(standard identical for Rule 59(e) and Local Rule 6.3); Sank v. City Univ. of New York, 2003 WL 21403682 (S.D.N.Y. June 19, 2003)(same standard for 52(b), which requests revised findings of fact, and Local Rule 6.3).

Under these rules, the movant must show that the Court overlooked "controlling decisions or factual matters" that had been previously put before it.

---

[1]Rule 60(b) provides for a revised judgment where any of the following six prongs is met: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called  intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b).  Defendant presents no argument regarding the first five prongs, nor does it allege the "extraordinary circumstances" needed for relief under the sixth prong. See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam)("extraordinary circumstances" needed to merit R. 60(b)(6) relief).

R.F.M.A.S., Inc., 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); see also Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue . . . to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted); United States v. Local 1804-1, Int'l Longshoreman's Ass'n, 831 F.Supp. 167, 169 (S.D.N.Y.1993) (Rule 52(b) motions should be granted where necessary to correct "manifest errors of law or fact," but they cannot be used to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits").

Analysis

Defendant has failed to demonstrate that the Court overlooked any "manifest errors of law or fact"; rather it merely rehashes the precise arguments that the Court rejected in considering plaintiff's motion in limine and the cross-motions for summary judgment.

Motion in Limine

This failure is especially clear as regards reconsideration of the motion in limine that excluded the Chused testimony and report. The entirety of defendant's briefing relating to Chused's testimony simply repeats the arguments considered and rejected by the Court in its previous decision.[2] Defendant has made no showing that the Court overlooked any controlling decisions or factual matters with respect to the motion in limine.

Summary Judgment

The same is true for defendant's arguments relating to the Court's partial grant of summary judgment. Of these arguments, only one merits substantial discussion: defendant's assertion that the Court erred in finding that a "guaranteed delivery" sticker placed by the shipper (plaintiff's insured, Novartis) merely constituted an offer to purchase guaranteed delivery services. The Court found that defendant never agreed to provide these services (as evidenced by defendant's email to Novartis stating that such services were unavailable due to a winter storm and by defendant's failure to provide or charge for the service). Without a manifestation of acceptance by defendant, well-established contract principles dictate that no contract to provide the guaranteed delivery service was formed. As a result, the

---

[2] Holland's argument that Chused's statements do not constitute legal argument demonstrates a profound misunderstanding of the difference between questions of law (to which an expert cannot testify) and those of fact (which may be proper subjects of expert testimony). Defendant argues that Chused's statements cannot be legal conclusions because, inter alia, he "does not cite or even refer to a single case." (See Def.'s Mem. of Law in Supp. of Mot. for Reconsid., ECF No. 76.) The Court has no doubt that Chused's statements regarding the interpretation of the Pricing Agreement are indeed legal conclusions. (See id. (arguing, in error, that Chused's statements such as "The Plaintiff is bound by the terms of the Pricing Agreement . . . the bill of lading and Holland's 100 Special Services Schedule," cannot be legal conclusions))

limitation on liability found in the guaranteed delivery portion of the Holland 100 Special Services Schedule ("SSS") did not apply.

Holland argues the Court's finding was manifest error because state law "concepts" such as offer and acceptance in the motor carrier liability context are preempted by the Carmack Amendment. The Court finds this position to be without merit.

The rule that neither party to an agreement may be bound in the absence of offer, acceptance, consideration, mutual assent, and intent to be bound is one of the most fundamental doctrines of contract law. See,e.g., 2 Williston on Contracts § 6.1 (4th ed.) ("An offer to contract is a proposal in the form of an express or implied promise . . . , and it is therefore obvious that the latter's assent is necessary in order to complete the transaction."); Restatement (Second) of Contracts § 17 (1981) ("the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.").

None of the cases cited by Defendant suggest that in enacting the Carmack Amendment, Congress intended to displace this fundamental principle. Rather, the cases merely hold that the Carmack Amendment preempts state law claims relating to interstate shipments that fall within the scope of § 14706. See,e.g., Cleveland v. Beltman N. Am. Van Lines Co., 30 F.3d 373, 379 (2d Cir. 1994) ("it is plain that a claim for breach of the implied covenant of good faith and fair dealing cannot exist alongside the Carmack Amendment.") (emphasis added); Acuity, a Mut. Ins. Co. v. YRC Inc., 2013 WL 646218, at *3-4 (N.D. Ohio Feb. 20, 2013) (compiling cases and

stating that "the Courts of Appeals uniformly recognize that the Carmack Amendment's broad preemptive effect extends to all state law <u>claims</u> arising from the transportation and delivery of goods") (emphasis added).  Thus, while plaintiff could not have brought a state-law breach of contract action against defendant regarding this interstate shipment by motor carrier, that fact says nothing of the interpretive tools the Court may use to evaluate the Carmack claim.

And the operation of the Carmack statutory scheme depends on the use of principles of contract interpretation.  Courts routinely apply contract interpretation principles to the interpretation of bills of lading and other elements of the Carmack scheme.  <u>See, e.g.</u>, <u>Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc.</u>, 09 C 5935, 2011 WL 3874874 (S.D.N.Y. Aug. 31, 2011) <u>aff'd sub nom.</u> <u>Royal & Sun Alliance Ins., PLC v. Int'l Mgmt. Servs. Co., Inc.</u>, 703 F.3d 604 (2d Cir. 2013)(applying contract principles to examine extension of a Carmack liability limitation to downstream carriers); <u>Penske Logistics, Inc. v. KLLM, Inc.</u>, 285 F. Supp. 2d 468, 474 (D.N.J. 2003)(analysis of liability provision under principles of contract interpretation); <u>Dutch Enterprises, Inc. v. Consol. Freightways</u>, C-93-1686 MHP, 1993 WL 266702 (N.D. Cal. July 13, 1993) .")(<u>citing</u> <u>F.J. McCarty Co. v. Southern Pac. Co.</u>, 428 F.2d 690, 693 (9th Cir.1970)) (noting the "Carmack Amendment incorporates common law principles of contract remedy").

In addition, defendant's own arguments on summary judgment implicitly recognized the applicability of contract principles. It argued, for instance, that Novartis was bound by the terms of the pricing agreement because it had fully

6

negotiated and agreed to them. (See Def.'s Mem. of Law in Opp. to Pl.'s Mot. for Summ. Judg. at 20, ECF No. 62.)

The need for offer and acceptance is also contemplated by the very language that defendant negotiated in the SSS. The section detailing the terms of the guaranteed delivery service states that "For Guaranteed Delivery . . . shipments, if carrier does not complete delivery or tender for delivery in the time parameter requested by the customer and accepted by the carrier," Holland will cancel charges at the shipper's request. (SSS at 6, Murtagh Decl. Ex. 6, ECF No. 65.) It goes on to specify that when shippers require any special services or equipment, they "must be requested . . . and either approved or declined" by a Holland representative. (Id.) In drafting this language, defendant, like any sensible commercial party, evidently sought to avoid being bound to requests for services that it would be unable to provide. The same concern presumably motivated the email sent by defendant's Director of Claims Prevention, explaining that the winter storm made guaranteed delivery impossible on the date in question—a service that defendant in fact neither billed for nor provided. Defendant's argument on reconsideration that Novartis's mere request of a clearly unavailable service triggered a separate limitation of liability is without any support in the law or the agreements between the parties.

The Court explicitly considered and rejected the additional arguments defendant raises in its briefing; those arguments do not present any "manifest errors" of law or fact.

7

CONCLUSION

Defendant's motion for reconsideration is DENIED. The Clerk of the Court is directed to close the motion at ECF No. 76.

SO ORDERED:

_____
KATHERINE B. FORREST
United States District Judge

Dated: __April 30__, 2013
New York, New York